**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

**MARIO LOPEZ,**

    **Plaintiff,**

v.

**WASTE CONNECTIONS OF FLORIDA, INC.,**
A foreign profit corporation

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, MARIO LOPEZ ("Mr. Lopez" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Miami-Dade County, Florida.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and the venue, therefore, for this case is the Miami Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) necessitated FMLA time off to care for his wife who suffered from a serious health condition as defined by the FMLA; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Lopez worked as a Call Center Manager for Defendant from May 2016, until his termination on May 5, 2018.

8. During his tenure, Mr. Lopez was an excellent employee with no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9. On September 7, 2017, Mr. Lopez's wife was diagnosed with Cancer.

10. That same day he called his supervisor, Assistant District Director, John Heinemann ("Mr. Heinemann"), in tears to inform him of his wife's diagnosis.

11. Thereafter, Mr. Lopez contacted Defendant's HR department to request FMLA leave.

12. Mr. Lopez made the FMLA request with HR, filled out all the paperwork requested of him, and submitted all the necessary documents supporting his request.

13. Yet, without a proper justification or explanation from Defendant, his FMLA leave inexplicably was denied.

14. Confused and frustrated, Mr. Lopez reached out to Mr. Heinemann to inform him that he still needed to desperately be there for his wife to assist with her treatment.

15. In response, Mr. Heinemann reassured Mr. Lopez that he would have no issue with Mr. Lopez taking the necessary time off and that they would "work out an arrangement" of their own and his job was safe.

16. For the following months, Mr. Lopez used his accumulated PTO and vacation time to attend to his wife's scheduled surgery, doctor appointments, chemotherapy treatments, and radiation treatments.

17. This medical leave time off included, from October 2017 to April 2018: one (1) week during her scheduled surgery and recovery; a few hours for each doctor's appointments; one (1) day every three weeks for chemotherapy sessions; and one (1) day for her first radiation treatment.

18. Mr. Lopez only took time off as necessary and never overused what should have been protected FMLA leave; to mitigate his absences, he even worked several Saturdays and made up time missed.

19. However, because of Defendant's refusal to approve his FMLA leave, Mr. Lopez suffered significant stress.

20. Defendant forced Mr. Lopez to maneuver his way through the system by using his accrued PTO and vacation time, and forced him to work under the guise that his absences were not legally protected when they should have been under the FMLA.

21. To that end, when he took time off to care for his wife, he feared his absences would not be protected under the law and used against him.

22. Mr. Lopez' fears compounded as he regularly received backlash regarding his absences from management.

23. Specifically, leading up to Mr. Lopez' termination, Mr. Heinemann's supervisor, District Manager, Bret Boccabella, commented that Mr. Lopez was "taking too much time off."

24. Similarly, on a separate occasion, Mr. Heinemann approached Mr. Lopez and asked him, "[w]hen is this going to end?"

25. Out of fear of losing his job, Mr. Lopez forced himself to take less time to care for his wife than he would have taken had Defendant allowed him to take FMLA protected leave.

26. In late April 2018, a couple weeks after his supervisors voiced their concerns over his taking time-off to care for his wife, Defendant concocted a plan to get rid of Mr. Lopez.

27. On one occasion, Mr. Heinemann approached Mr. Lopez and asked him if he was having a relationship with anyone at the office.

28. Mr. Lopez initially thought this question was a joke, considering that at that time, Mr. Lopez wife had just finished her radiation treatment and Mr. Heinemann was well aware of same.

29. Mr. Heinemann told Mr. Lopez that someone had made an anonymous complaint with HR regarding Mr. Lopez having an intra-office affair.

30. Realizing it wasn't a joke and insulted over the accusation, Mr. Lopez vehemently denied having a relationship with anyone at the office and questioned management as to proof of same, so that he could clear his name and rebut this baseless allegation.

31. Approximately, a week and a half later, Mr. Lopez was called into Mr. Boccabella's office (with Mr. Heinemann on speaker phone) and was told there was another complaint against him.

32. This time the complaint was for Mr. Lopez mentioning he was going to get an attorney, as he believed his rights were being violated.

33. Thereafter, Defendant suspended Mr. Lopez pending further investigation.

34. Not surprisingly, on May 5, 2018, Defendant terminated Mr. Lopez for "making retaliatory comments."

35. Mr. Lopez was terminated for necessitating medical leave time away to care for his wife which should have been FMLA protected, and in retaliation for objecting to pretextual and unfounded assertions made against him in the workplace.

36. Defendant concocted a pretextual reason to terminate Plaintiff based on his use of what should have been FMLA protected time away from work.

37. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

38. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

39. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

40. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

41. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave.

42. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

44. At all times relevant hereto, Plaintiff was protected by the FMLA.

45. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

46. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

47. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42, above.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

52. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

53. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

54. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

55. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 30th day of August 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.

                                        10368 W. SR 84, Suite 103
                                        Davie, Florida 33324
                                        Telephone: (866) 344-9243
                                        Facsimile: (954) 337-2771
                                        Email: noah@floridaovertimelawyer.com
                                        rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*